[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11252
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 13, 2010
JOHN LEY
CLERK

D.C. Docket No. 2:09-cv-14274-JEM

LYMAN S. HOPKINS,

                                                      Plaintiff - Appellant,

versus

SAINT LUCIE COUNTY SCHOOL BOARD,
HELEN ROBERTS,
Official and Individual Capacities,
MICHAEL LANNON,
Official and Individual Capacities,
CEDRIC GIBSON,
Official Capacity,

                                                      Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 13, 2010)

Before BLACK, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Lyman Hopkins appeals pro se the district court's dismissal of his discrimination and retaliation claims, brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a), 3 ("Title VII"), 42 U.S.C. § 1981, and 42 U.S.C. § 1983. In August 2007 Hopkins began working for the St. Lucie County School System as a Spanish teacher. Florida law provides that new teachers serve for an initial probationary period of 97 days, during which time they may be let go with or without cause. Fla. Stat. § 1012.33(1)(b). In September 2007, well within his probationary period, Hopkins was fired.

In August 2009 Hopkins filed a complaint in district court against the St. Lucie School Board as well as several school administrators. Hopkins' central claim appears to be that he was the victim of race and gender discrimination as well as retaliation both during and after his employment. The defendants moved to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6), or to compel Hopkins to file a more definite statement. After Hopkins filed a response to the defendants' motion, the matter was referred to a magistrate judge, who issued a report recommending that the district court dismiss Hopkins' complaint without leave to amend. The district court adopted the magistrate

judge's report and recommendation and granted the defendants' motion to dismiss. Hopkins' pro se briefs to this court contend that the district court improperly dismissed his claims.[1]

We review de novo the district court's grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. Hill v. White, 321 F.3d at 1335 (11th Cir. 2003). While the pleadings of pro se litigants are "liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), they must still comply with procedural rules governing the proper form of pleadings. McNeil v. United States, 508 U.S. 106, 113, 113 S.Ct. 1980, 1984 (1993). To properly state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has recently clarified that while the pleading standard of Rule 8 "does not require 'detailed factual allegations,'" it does demand

---

[1]Hopkins' brief and reply brief raise a variety of other issues, none of which are appropriately before us. His argument that he should have been granted leave to amend his complaint was abandoned when he failed to raise it in opposing the defendants' motion to dismiss or in responding to the magistrate judge's recommendation of dismissal. And we will not consider his claims that he was denied "meaningful access to courts" because he raises it for the first time on appeal. See Blue Cross and Blue Shield of Ala. v. Weitz, 913 F.2d 1544, 1549–51 (11th Cir. 1990). Finally, to the extent he raises new arguments for the first time in his reply brief, those arguments are deemed waived. In re Egidi, 571 F.3d 1156, 1163 (11th Cir. 2009).

"more than an un-adorned, the-defendant-unlawfully-harmed-me accusation."

Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 129 S. Ct. 1955 (2007)). More to

the point, the court explained that "to survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

## I.

We construe Hopkins' complaint as alleging claims for discrimination, and

more specifically disparate treatment, under Title VII of the Civil Rights Act of

1964, 42 U.S.C. §§ 2000e-2(a), 42 U.S.C. § 1981, and 42 U.S.C. § 1983. To

prevail under Title VII, evidence must be presented which is "sufficient to create an

inference of discrimination." Holifield v. Reno, 115 F.3d 1555, 1564 (11th Cir.

1997). A plaintiff can establish that inference by showing: (1) he was a member of

a protected class; (2) he was qualified for the job; (3) he suffered an adverse

employment action; and (4) his employer treated similarly situated employees

outside the protected class more favorably. Crawford v. Carroll, 529 F.3d 961, 970

(11th Cir. 2008). The analysis of a disparate treatment claim is the same whether

that claim is brought under Title VII, § 1981, or § 1983. Rice-Lamar v. City of Ft.

Lauderdale, Fla., 232 F.3d 836, 843 n.11 (11th Cir. 2000).

4

We note at the outset that while Hopkins has pursued this litigation pro se from the start, he is not unfamiliar with procedures of the federal court system, having brought similar actions against two of his prior employers in another state. See Hopkins v. Elizabeth Board of Education, No. Civ.A.03-5418 JAG, 2005 WL 1899333 (D.N.J. Aug. 5, 2005). But despite his experience with drafting pleadings, he has failed to establish a prima facie case of disparate treatment against either the St. Lucie School Board or the administrators. None of his filings allege facts to support the fourth requirement of such a claim—that the St. Lucie School Board or the individual defendants treated similarly situated employees who were not members of his protected class differently.

The complaint alleges that Hopkins, who is an African-American male, was assigned to be a "floating teacher," and in this role he moved from classroom to classroom to teach Spanish, instead of being assigned to only one classroom for the entire day. This assignment as a "floating teacher" seems to be the motivating factor behind the complaint, which exhaustively details the various inconveniences and petty difficulties he encountered during his brief employment. For example, it alleges that: Hopkins was required to teach in a classroom while another teacher was present; he was not immediately issued a laptop computer carrying bag "with emblazoned school insignia" and had to use his own bag for several days; he

5

objected to the assigned textbook; a fellow teacher would not share bulletin board space; another black male teacher commented on how few black males taught Spanish; students were occasionally rude and disruptive; some classes were filled to capacity; his last class was interrupted by the afternoon announcements; and so on, and so on. Most of these inconveniences were the result of actions by third parties, such as fellow teachers and students, instead of actions by the School Board or the individual defendants. And as for his assignment as a floating teacher, Hopkins himself admits that the school had other floating teachers, all of whom were female and none of whom were African-American. He provides no facts that would allow a court to infer that the school district treated those outside the class of African-American males more favorably. Instead, his complaint lists conclusory allegations of discrimination and fails to provide, as required by Twombly and Iqbal, the "sufficient factual matter" to establish a prima facie case.

## II.

Hopkins' claims of retaliation are similarly deficient. We understand his complaint to allege that the School Board and district administrators retaliated against him both by firing him and by not providing him with job references. The complaint, however, fails to state a prima facie case of retaliation on either of those grounds.

6

To establish a prima facie case of retaliation under Title VII, a plaintiff must show "(1) that [he] engaged in statutorily protected expression; (2) that [he] suffered a[] [materially] adverse [] action; and (3) that there is some causal relation between the two events."[2] McCann v. Tillman, 526 F.3d 1370, 1375 (11th Cir. 2008) (laying out what constitutes a prima facie case of retaliation); Burlington Northern and Santa Fe Ry. Co. v. White, 548 U.S. 53, 68, 126 S.Ct. 2405, 2415 (2006) (clarifying what types of "actions" establish a prima facie case of retaliation under Title VII).

As for Hopkins' claim that the defendants retaliated against him by firing him, his complaint fails to state the first requirement of such a claim, because it does not allege sufficient facts to establish that he was engaged in a statutorily protected form of expression when he was fired in October 2007. In April 2008 Hopkins filed an employment complaint against the School Board with the Florida Commission on Human Relations, and in June 2008 he filed a formal complaint with the Equal Employment Opportunity Commission, both of which are expressions protected from retaliation under Title VII. See EEOC v Total System Services, Inc., 221 F.3d 1171, 1174 (11th Cir. 2000). But both of those

---

[2]Section 1981 also prohibits retaliation, and the elements required to establish a claim are the same as those required under Title VII. See Goldsmith v. Bagby Elevator Co., 513 F.3d 1261, 1277 (11th Cir. 2008).

administrative complaints were filed months *after* the school district fired him. Because Hopkins has alleged no other facts that suggest he was engaged in a statutorily protected form of expression, his conclusory claim of "retaliatory discharge" is insufficient to support a prima facie case of retaliation.

As for his claim that the defendants retaliated against him by failing to provide him with job references, his administrative complaints to the Florida Commission on Human Relations and the EEOC arguably satisfy the first requirement for a claim. But even assuming Hopkins could also satisfy the second requirement by showing that the defendants' failure to provide references constituted a "materially adverse action," he has alleged no facts that would suggest a causal connection between his administrative complaints and the defendants' actions. His claim thus founders on the third requirement to establish a prima facie case of retaliation and for that reason fails to meet Iqbal's requirement that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at ___, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570).

The frustrations that Hopkins has felt in his short career as a teacher may merit sympathy, but they do not merit a finding of a prima facie case of discrimination or retaliation.

**AFFIRMED.**